UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Cause No. 1:06-cv-1378-DFH-TAB

| | |
|---|---|
| ELIZABETH H. SHEARER, Individually, and as PERSONAL REPRESENTATIVE of the ESTATE OF WILLIAM M. SHEARER, Deceased, | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

**DEFENDANT UNITED STATES OF AMERICA'S ANSWER
TO PLAINTIFF ELIZABETH H. SHEARER'S COMPLAINT**

NOW COMES Defendant, the United States of America, by and through counsel, and responds to the allegations set forth in Plaintiff Elizabeth H. Shearer's Complaint as follows:

1. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies the allegations in paragraph 1.

2. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies the allegations in paragraph 2.

3. The United States admits the allegations in paragraph 3.

4. The United States admits that Plaintiff filed a Federal Tort Claims Act Form 95 Notice with the FAA, but denies that this document was filed on or about October 13, 2006. The United States admits that the FAA denied Plaintiff's claim for compensation in a letter dated October 25, 2006. The United States is unable to respond to the last sentence in paragraph 4 to the extent it sets forth legal conclusions. All allegations set forth in paragraph 4 not expressly admitted herein are denied.

5. The United States admits the allegations in paragraph 5.

6. The United States admits the allegations in paragraph 6.

7. The United States denies the allegations in paragraph 7, except it admits only that N55448 was on an Instrument Flight Rules (IFR) flight plan. All allegations in paragraph 7 not expressly admitted herein are denied.

8. The United States denies the allegations in paragraph 8.

9. The United States denies the allegations in paragraph 9, except it admits only that in the time frame of 7:07 p.m. – 7:10 p.m., Minneapolis ARTCC approved a request from N55448 to deviate from its route of flight. All allegations in paragraph 9 not expressly admitted herein are denied.

10. The United States denies the allegations in paragraph 10, except it admits only that Minneapolis ARTCC contacted Kansas City ARTCC to discuss N55448's route of flight, including how far south N55448 might fly before turning east, and that Kansas City ARTCC advised Minneapolis ARTCC that N55448

2

would have to proceed south until it was at least abeam of Kansas City. All allegations in paragraph 10 not expressly admitted herein are denied.

11.     The United States denies the allegations in paragraph 11, except it admits only that Minneapolis ARTCC cleared N55448 from its present location direct to Kansas City and then direct to Anderson, Indiana (AID) from Kansas City. All allegations in paragraph 11 not expressly admitted herein are denied.

12.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the time that N55448 entered Kansas City ARTCC airspace and therefore denies same. The United States admits that N55448 established radio contact with Kansas City ARTCC at approximately 7:57 p.m. and stated its altitude was seven thousand feet. All allegations in paragraph 12 not expressly admitted herein are denied.

13.     The United States admits only that at approximately 8:04 p.m., Kansas City ARTCC advised that if N55448 wanted to go direct to Braymer before going direct to its destination, "that should take you through holes in the weather." All allegations in paragraph 13 not expressly admitted herein are denied.

14.     The United States denies the allegations in paragraph 14.

15.     The United States admits only that N55448 advised Kansas City ARTCC that the airplane was equipped with a storm scope, and that based upon his interpretation of the storm scope in the airplane, a person operating the airplane said "it looks like if I went east I would be okay right now." All allegations in paragraph 15 not expressly admitted herein are denied.

16. The United States admits the allegations in paragraph 16.

17. The United States admits only that N55448 established radio communications with another sector at the Kansas City ARTCC at approximately 8:27 p.m. and that Kansas City ARTCC issued N55448 the altimeter setting. All allegations in paragraph 17 not expressly admitted herein are denied.

18. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies the allegations in paragraph 18.

19. The United States denies the allegations in paragraph 19.

20. The United States admits only that at approximately 8:36 p.m., Kansas City ARTCC indicated that it had lost radar contact with N55448. All allegations in paragraph 20 not expressly admitted herein are denied.

21. The United States admits only that Kansas City ARTCC tried to re-establish verbal radio communications with N55448. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning the time at which the last radar return from N55448 occurred, and therefore denies that it occurred at 8:34 p.m. All allegations in paragraph 21 not expressly admitted herein are denied.

22. The United States admits only that N55448 crashed near Downing, Missouri and that all on board the airplane were killed, including William M. Shearer. The United States lacks knowledge or information sufficient to form a belief as to the time of the crash, and therefore denies that it occurred at

approximately 8:40 p.m.  All allegations in paragraph 22 not expressly admitted herein are denied.

23. The United States denies the allegations in paragraph 23.

24. The United States admits the allegations in paragraph 24.

25. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and therefore denies the allegations in paragraph 25.

## COUNT I

1-25. The United States incorporates by reference its answers to paragraphs 1-25 into this paragraph as if fully restated herein.

26. The United States admits only that Order 7110.65 prescribes air traffic control procedures and phraseology for use by persons providing air traffic control services.  The United States denies the remaining allegations in paragraph 26 concerning Order 7110.65.  All allegations in paragraph 26 not expressly admitted herein are denied.

27. The United States denies the allegations in paragraph 27, except it admits only that ARTCC's provision of additional services, as those additional services are defined in Order 7110.65, is not optional on the part of the controller, but rather is required when the work situation permits.  The United States denies that there is an additional service known as "weather avoidance," as alleged in paragraph 27.  All allegations in paragraph 27 not expressly admitted herein are denied.

5

28. The United States is unable to respond to the allegations set forth in paragraph 28 to the extent that they constitute legal conclusions. The United States denies all factual allegations set forth in paragraph 28.

29. The United States denies the allegations in paragraph 29 and all subparts thereto.

30. The United States denies the allegations in paragraph 30.

31. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies the allegations in paragraph 31.

## **COUNT II**

1-31. The United States incorporates by reference its answers to paragraphs 1-31 into this paragraph as if fully restated herein.

32. The United States is unable to respond to the allegations set forth in paragraph 32 to the extent that they constitute legal conclusions. The United States denies all factual allegations set forth in paragraph 32.

33. The United States denies the allegations in paragraph 33.

34. The United States denies the allegations in paragraph 34.

35. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and therefore denies the allegations in paragraph 35.

## COUNT III

1-35.	The United States incorporates by reference its answers to paragraphs 1-35 into this paragraph as if fully restated herein.

36.	The United States is unable to respond to the allegations set forth in paragraph 36 to the extent that they constitute legal conclusions.  The United States denies all factual allegations set forth in paragraph 36.

37.	The United States denies the allegations in paragraph 37.

38.	The United States denies the allegations in paragraph 38.

39.	The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies the allegations in paragraph 39.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.	The United States denies all allegations in the Complaint not specifically admitted herein.

2.	The sole proximate and legal cause of the death of William M. Shearer was his own negligence.

3.	No acts or omissions committed by Defendant United States, it agents, employees, or servants caused or in any contributed to the damage or loss, if any, sustained by Plaintiff.  No act or failure to act by the United States or its personnel was a proximate cause of any damage or loss sustained by Plaintiff.

4.   The damages or losses sustained by Plaintiff, if any, were caused by acts or omissions of others over whom the United States, its agents, employees, and servants had no control.

5.   Plaintiff is not entitled to pre-judgment interest under the Federal Tort Claims Act.

6.   The negligent conduct of William Shearer was the superseding and/or intervening cause of any damage or loss sustained by Plaintiff.

7.   The doctrine of assumption of the risk bars any recovery by Plaintiff.

8.   Plaintiff's damages, if any, must be reduced or barred by the doctrines of comparative negligence, contributory negligence, and/or other principles of law.

9.   In the event that Plaintiff provides a release, covenant not to sue or not to enforce a judgment to any person alleged to be responsible in tort for the same injuries, death or damages for which recovery is sought in this action, the United States is entitled to discharge of liability or reduction of the claim against it in accordance with applicable law, for reasons including, but not limited to, satisfaction of judgment.

WHEREFORE, the United States prays for judgment in its favor, dismissal of the Complaint, and any further relief as deemed appropriate.

Dated:     June 13, 2007
           Washington, D.C.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        s/ Steven A. Kirsch
        Steven A. Kirsch
        Trial Attorney
        Torts Branch, Civil Division
        United States Department of Justice
        P.O. Box 14271
        Washington, DC 20044-4271
        Phone: (202) 616-4048
        Fax: (202) 616-4159
        E-mail: steven.kirsch@usdoj.gov

## Certificate of Service

I hereby certify that on June 13, 2007, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| D. Bruce Kehoe, Esq. | Fred C. Begy, III |
| Christopher Stevenson, Esq. | Chuhak & Tecson, P.C. |
| Wilson Kehoe & Winingham | Suite 2600 |
| P.O. Box 1317 | 30 South Wacker Drive |
| Indianapolis, IN 46206 | Chicago, IL 60606 |
| kehoe@wkw.com | fbegy@chuhak.com |
| cstevenson@wkw.com | |
| | Mark Dudley |
| Joseph A. Bosco, Esq. | Howard, DeLey & Dudley |
| LaRose & Bosco, Ltd. | Suite 1 |
| 200 N. LaSalle St., Ste. 2810 | 403 Historic West Eighth Street |
| Chicago, IL 60601 | Anderson, IN 46016 |
| laroseandbosco@aol.com | mdudley@insightbb.com |

        s/ Steven A. Kirsch